# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIE BOYD, | ) |
|     Petitioner, | ) |
| v. | ) No. 4:09CV318 RWS |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651. The petition will be denied.

Petitioner was found guilty, after a bench trial, of multiple offenses including being a felon in possession of a firearm, possession with intent to distribute cocaine, using false Social Security numbers, and evading currency transaction reporting requirements. See United States v. Boyd, No. 3:97CR301 SNL (E.D. Mo.). Petitioner was sentenced to a total term of 276 months' imprisonment, 6 years' supervised released, and a $600 special assessment. Id. Petitioner's convictions and sentences were affirmed on direct appeal, United States v. Boyd, No. 98-3583 (8th Cir.), and petitioner was denied relief pursuant to 28 U.S.C. § 2255. Boyd v. United States, 4:00CV985 SNL (E.D. Mo.). Petitioner was denied a certificate of appealability both by this Court, Boyd v. United States, No. 4:00CV985 SNL (E.D.

Mo.), and by the Eighth Circuit Court of Appeals, Boyd v. United States, No. 01-1671 (8th Cir.).

In the instant petition for writ of audita querela, petitioner claims that he was wrongly sentenced under the Armed Career Criminal Act of 1984 because one of his previous convictions was exempted under 18 U.S.C. § 921(a)(20). Specifically, petitioner contends that his conviction in 1967 for armed robbery should not have counted toward his status as an armed career offender under § 924(e). With regard to the 1967 conviction, petitioner argues that by operation of Missouri Revised Statute § 222.010 (1969) (repealed), his civil rights were only suspended during the time that he was incarcerated for that conviction and, therefore, his civil rights were automatically "restored" upon his release from confinement for that offense. Consequently, petitioner contends that his 1967 conviction falls within the exception of 18 U.S.C. § 921(a)(20).[1]

"The writ of audita querela is an old common law procedure for obtaining relief from a judgment." United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982).

---

[1] Petitioner made this same argument in his motion under 28 U.S.C. § 2255. The government argued that the claim was not cognizable under § 2255. The government noted that petitioner failed to raise this claim on direct appeal. And the government further argued that because the cause and prejudice exception did not apply to nonconstitutional claims, he could not excuse his procedural default. The Court summarily denied the § 2255 motion.

Audita querela has been expressly abolished in civil cases pursuant to Rule 60(e) of the Federal Rules of Civil Procedure. "The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954), and the All Writs Act." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). But in this context, the writ survives only to the extent that it "fill[s] 'gaps' in the current systems of postconviction relief." Id. That is, "*audita querela* is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255." Id. (emphasis in original).

The writ of audita querela has traditionally been "available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Black's Law Dictionary (8th Cir. 2004). Recently, audita querela has been described "as a writ 'used to vacate a judgment upon a showing that events occurring after the entry of judgment cause the continued existence of the judgment to be contrary to the interests of justice.'" Ira P. Robins, *The Revitalization of the Common-Law Civil Writ of Audita Querela as a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond*, 6 Geo. Immigr. L.J. 643, 683 (1992) (quoting United States v. Haro, CR No. 85-00612

WJR (C.D. Cal. May 30, 1990)). "[A] defense or discharge was required to issue the writ at common law, but [] 'the basic principle seems to have been that there had been a satisfaction of the judgment.'" Id. at 683-84 (quoting United States v. Haro, CR No. 85-00612 WJR (C.D. Cal. May 30, 1990)). In the criminal context, the satisfaction is the serving of the sentence; " after the sentence is served, the defendant can be said to have been discharged." Id. at 684. Thus, the first requirement for obtaining "audita querela relief is that the petitioner must have served his or her sentence." Id.

In this case, petitioner has not served his sentence. As a result, he cannot be said to have satisfied the judgment, and he is not entitled to a writ of audita querela.

Similarly, coram nobis is only available when the petitioner is not in custody. E.g., United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969). As a result, petitioner is not entitled to relief under the All Writs Act, and the Court will dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of error audita querela is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of March, 2009.

                                             /s/ Rodney W. Sippel
                                             RODNEY W. SIPPEL
                                             UNITED STATES DISTRICT JUDGE